# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 19-60446
Summary Calendar

Grace Wanjiku Njenga,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 871 620

Before Barksdale, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Proceeding *pro se*, Grace Wanjiku Njenga, a native and citizen of Kenya, seeks review of the Board of Immigration Appeals' (BIA) dismissal of her appeal from the Immigration Judge's (IJ) denial of, *inter alia*, adjustment of status and order of removal. Njenga maintains the BIA

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

improperly adopted the IJ's finding that she filed a frivolous asylum application and is, therefore, statutorily ineligible for adjustment of status. Her claim fails.

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial evidence standard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* at 518 (internal quotation marks and citation omitted).

Under 8 U.S.C. § 1158(d)(6), if an alien knowingly makes a frivolous application for asylum, the alien "shall be permanently ineligible" for any immigration benefits. "[A]n asylum application is frivolous if any of its material elements is deliberately fabricated." 8 C.F.R. § 1208.20. Deliberate fabrication requires knowingly and intentionally misrepresenting the truth. *Matter of Y-L-*, 24 I. & N. Dec. 151, 156 (B.I.A. 2007). A misrepresentation is material if it "has a natural tendency to influence . . . the decision of the decisionmaking body to which it was addressed". *Kungys v. United States*, 485 U.S. 759, 770 (1988) (internal quotation marks and citation omitted).

In affirming the IJ's finding that Njenga filed a frivolous asylum application, the BIA noted inconsistencies regarding an alleged attack on Njenga and her family in Kenya. In her application, Njenga stated she was asleep at home with her husband, Bernard, and her two children, Roy and Jessica, when they were attacked by members of the Mungiki sect. Njenga later admitted, however, that Jessica was not her daughter but her sister. She also explained she was separated and not living with Bernard at the time of the attack. Njenga contends: the BIA failed to consider Kenya's informal guardianship custom whereby it is common for older children to raise

younger siblings as their own children; she did not have an opportunity to explain her inconsistent stories; the inconsistencies were not material to her asylum application; and the IJ's adverse credibility finding concerning Njenga was not supported by substantial evidence.

Regardless of whether it is common in Kenyan culture to raise a sibling as a child (and no legal documents conferring guardianship were provided), Njenga admitted she knowingly stated false information on her asylum application by listing Jessica as her daughter. Njenga also provided inconsistent stories of the alleged attack on her family, did not disclose the existence of a prior marriage, and provided contradicting details regarding her living situation and divorce from Bernard. Contrary to Njenga's contention, her relationships with Jessica and Bernard were material because they formed the basis for the attackers' motivation and had a natural tendency to influence the consideration of her asylum application. Moreover, she was provided with an opportunity to explain these inconsistencies after the BIA remanded to allow additional testimony regarding whether her application was frivolous. On remand, she testified and provided a written statement attempting to explain these disparities.

Njenga's challenge to the adverse credibility finding similarly fails. "[A]n IJ may rely on any inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009) (internal quotation marks and citation omitted). As mentioned, there were several inconsistencies in the asylum application in addition to the admissions by Njenga. These facts are sufficient to support the adverse credibility finding. *See id.* at 538.

DENIED.